Wood, J.
The facts in this case appear to be these: The com • plainant became the surety of Misc., Thompson & Co., which firm was composed of Misc., Thompson, Abbott, and Cram. This firm was dissolved, and Misc., who bought *out Thompson, gave Abbott and Cram notes, secured, for $4,000, and became obligated to pay the partnership debts, and all the partnership effects were transferred to him. At the date of the dissolution, and when the arrangement was completed, the assets of the firm of Misc., Thompson & Co. were amply sufficient to pay all the partnership debts. Misc. afterward squandered the partnership property, and Abbott and Cram became insolvent, and assigned the notes for $4,000 to the respondent, James, as a trustee, to pay certain separate debts of theirs, previously contracted’in the city of New York. At the time of this assignment, these Now York debts were in the hands of James and others, as attorneys, for collection, and Abbott and Cram being pressed for payment, the assignment was made in consideration of an extension of time, and Misc.’s notes collected and the money partially in the hands of James to be applied in payment of the New York debts. The trustee is charged with notice, at the time of the assignment, of the circumstances under which it was made.
*352 The object of the suit is to subject the avails of these notes, in the hands of James, to the payment of the demand on which the complainant was surety for Misc., Thompson & Co., on the principle which is familiar in the law of partnerships, that the joint property must be applied to pay the joint debts of the firm. While the rule is admitted, its application to this case by no means follows. The whole transaction, on the part of Abbott and Cram, and the trustee, appears to have been conducted in good faith, and the consideration for the transfer of the notes, such as the law will support. A creditor of the firm can not, under any circumstauces, reach the joint property, in case of a transfer in discharge of a separate debt. While the members of a partnership, as between themselves, have a lien which they may directly enforce, by the application of the joint property to liquidate the joint debts, a creditor of the firm has no such lien on its effects. He has, it is said,.in the books, something which approaches a lien, but it can not be enforced except through the partners themselves. Nor while *the partnership is solvent and going on, have the creditors any equity, strictly speaking, against the effects of the partnership. All they can do is to proceed, by action at law, against the partners. 6 Ves. Ch. 119; 11 Ves. Ch.3; 2 Swanst. Ch. 552. There being then, says Mr. Justice Story, in his Law of Partnership, page 510, no lien and no equity, until the levy of an execution, it follows that the partnership effects may be legally transferred, bona fide, for a valuable consideration, to any persons whomsoever, and as well to the other partners as to strangers-as was decided at this term, in the case of Wilcox et al. v. Williams et al.
It seems to us, therefore, to be clear, that at the time of the dissolution of this firm, admitting for the present, that the notes transferred to Abbott and Cram were partnership assets, that they vested in them as their individual property, and were transferred by Abbott and Cram, and legally vested in the respondent James. If this be not so, there is no safety in a creditor receiving payment of a separate debt, even with the assent of the firm, however solvent; but his security can only depend upon its continued prosperity.
But it is not clear that these notes of Misc.’s were partnership property. On the other hand, it is evident, to my mind, they were not. They were executed by Misc. on the dissolution of the *353 partnership; they were the individual notes of Misc. and his securities, and were delivered to Abbott and Cram, and were never the property nor in the control of the firm of Misc., Thompson & Co., for whom the complainant was surety, and he can have no claim to reach them in equity. Joint property, says Judge Story, is that in which the partners have a joint interest, at the time of the dissolution, either in law or equity. Story on Part. 528.
There are other principles involved in this case, but it was reserved here to determine the one disposed of only. The injunction is dissolved as to James and the New York creditors, and the case may be remanded to the county for further hearing as to other parties, and for final decree.
Injunction dissolved and cause remanded.