# Rembert *v.* The State.

## *Indictment for Forgery.*

1. *Forgery; definition of.*—The court adopts the definition of forgery given by Bishop—the false making or material altering, with intent to defraud, any writing which, if genuine, might apparently be of legal evidence, or the foundation of a legal liability.

2. *Same; what not subject of.*—An instrument which, on its face and in its frame, is illegal, or necessarily innocuous from its character, is not the subject of forgery; but otherwise, where, although the instrument is of no legal efficacy or capability of working to the injury of another, such capability can be imparted to it by extrinsic facts. If the indictment fails to aver such extrinsic facts, it is bad.

3. *Indictment for forgery; what not demurrable.*—An indictment charging that defendant forged, with intent to defraud, a written instrument, as follows: "*Due* 8.25. *Askew Brothers*," meaning thereby that eight dollars and twenty-five cents were due to him from Askew Brothers, which was a partnership composed of certain specified individuals, is not demurrable, and charges forgery in the second degree, under section 3702 of the Revised Code.

APPEAL from Circuit Court of Marengo.

Tried before Hon. LUTHER R. SMITH.

The appellant was tried and convicted on an indictment which charged that he, "with intent to defraud," forged an instrument in writing, in words and figures, as follows: "Due 8.25. Askew Brothers," meaning thereby that there was due the bearer of said instrument, from said Askew

[Rembert *v.* The State.]

Brothers, a firm composed of Samuel H. Askew and Warren S. Askew, the sum of eight dollars and twenty-five cents.

The defendant demurred to the indictment, on the grounds, "1st, that the instrument in writing, alleged to be forged, is invalid on its face, creates no liability, has no legal tendency to effect a fraud, and cannot be the subject of forgery ; 2d, that the instrument alleged to be forged creates no legal liability against any person whatever, and is not a bill, note, check, certificate, or other evidence of debt; and that the meaning of the instrument cannot be ascertained from the words and figures thereof." The court overruled the demurrer, and its ruling is now relied on as error fatal to the conviction.

McCAA & BARTLETT.—The instrument is not a writing of any validity at law. It creates no liability upon any one, and cannot be the subject of a forgery. An instrument must be *valid on its face* to be the subject of forgery. *State* v. *Smith,* 8 Yerger, 151; Jone's case, Lord Mansfield, Sum. Assizes, 1779 ; *State* v. *Pierce,* 8 Iowa, 231; 37 Texas, 591.

JOHN W. A. SANFORD, Att'y Gen., with whom was R. H. CLARKE, *contra.*—An action could have been maintained against Askew Brothers on the instrument if valid, and hence it is the subject of forgery.

The indictment is good, if any state of facts could have existed which would have supported it. The court, looking at the instrument without the aid of *inuendo* in the indictment and extrinsic proof, had the right to supply the word dollars. *Murrell* v. *Handy,* 17 Mo. 406 ; *Northrop* v. *Sanborn,* 22 Vt. 433 ; *Butler* v. *The State,* 22 Ala. 43.

BRICKELL, C. J.—There are numerous definitions of the offense of forgery, not perhaps substantially differing. We adopt, as comprehensive and precise, that given by Mr. Bishop : "Forgery is the false making, or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability." 2 Bish. Crim. Law, § 495. Mr. Bishop observes : "The principal point for consideration is, that the instrument must either appear on its face to be, or be in fact, one which, if true, would possess some legal validity ; or, in other words, must be legally capable of effecting a fraud." *Ib.* § 503. If the writing has this capacity, it is not necessary the fraud should have been consummated; the offense

[Rembert *v.* The State.]

is complete without the concurrence of damage or injury. *Jones* v. *State*, 50 Ala. 161.

If the writing is void on its face, illegal in its very frame, it has not the capacity of effecting a fraud, and is not the subject of forgery. An illustration given by Mr. East is Wall's case, who was convicted for forging and altering a will of land, purporting to be attested by only two, the statute of wills requiring the attestation of three witnesses. The judges held the conviction wrong, because the instrument on its face was void, incapable of working injury, and no extrinsic facts could impart to it validity. 2 East's Crown Law, 953. So, in *People* v. *Galloway*, 17 Wend. 540, a deed of lands made by a *feme covert*, conveying her own real estate, the deed on its face disclosing the facts, and not purporting to be acknowledged in the mode. prescribed by the statute to give it validity, was declared not the subject of forgery. The forgery of a certificate of a private individual, that a slave was a freeman, not if genuine being evidence of the fact certified, imposing no duty, and conferring no right, was not the offense denounced. It was not the fabrication of an instrument which could affect property. *State* v. *Smith*, 8 Yerger, 150. Such an instrument doubtless might have been the ingredient of a cheat, if injury had ensued from it; but being of no legal efficacy, either apparent or which could arise from extrinsic facts, it was not sufficient to constitute the offense of forgery. The false making a bill of exchange, void by statute, will not constitute the offense. *State* v. *Jones*, 1 Bay, 205; Moffatt's case, 2 East's Crown Law, 954.

This general rule, that if the instrument is void on its face, it is not the subject of forgery, must be taken with this limitation : when the instrument does not appear to have any legal validity, or show that another might be injured by it, but extrinsic facts exist by which the holder of the paper might be enabled to defraud another, then the offense is complete, and an indictment averring the extrinsic facts, disclosing its capacity to deceive and defraud, will be supported. *State* v. *Briggs*, 34 Vt. 503. The fact that the paper is incomplete or imperfect in itself, and that without the knowledge of extrinsic facts it does not appear that it has the vicious capacity, only renders it necessary that the indictment should aver the extrinsic facts. In all indictments for forgery at common law, it was necessary to set out the instrument, so that it would judicially appear to the court that it was the subject of forgery. When the instrument is complete, perfect, and not void on its face; and when it is spo-

[Rembert *v.* The State.]

ken of as void, is intended illegal in its very frame, or innocuous from its character, as in the case of the will not properly attested, or the void bill of exchange, or the certificate worthless as evidence, or the deed void because of the incapacity of the grantor, its criminal character was disclosed to the court. When the instrument is imperfect, incomplete, and its real meaning and terms are not intelligible from its words and figures, but are to be derived from extrinsic facts, and its capacity to injure is dependent on such facts, then, when such facts are averred, and the instrument, its meaning and purport, made intelligible to the court, it appears judicially, with as much certainty as if the extrinsic facts were on the face of the instrument, and that set out *in hæc verba*, whether it has the vicious capacity, and is the subject of forgery. *Carberry* v. *State*, 11 Ohio St. 411; *Commonwealth* v. *Ray*, 3 Gray, 448; *State* v. *Wheeler*, 19 Minn. 98 (S. C. 1 Green's Crim. R. 541); *People* v. *Shall*, 9 Cow. 778; *People* v. *Harrison*, 8 Barb. 560; *Reed* v. *State*, 28 Ind. 396; *Commonwealth* v. *Hinds*, 101 Mass. 211; *People* v. *Stearns*, 21 Wend. 413. In this last case the principle is thus stated: "The indictment must show the forgery of an instrument which, on being described, appears on its face naturally calculated to work some effect on property; or, if it be not complete for that purpose, some extrinsic matter must be shown, whereby the court may judicially see its tendency. As an instance of the latter, suppose a man has the custody of property, which he agrees to deliver, on the owner sending him certain words under his hand, which have no respect to property, but which are a secret sign agreed upon between them, and known only to them. Such words would be the subject of forgery within the statute; but not being significant, and it not being conceivable how mischief would ensue from their use, the custody of the goods and the agreement on the words must be shown in the indictment. But suppose a letter by which the writer requests another to deliver 'my purse of gold' or 'my package of bankbills' to A. B., are not the court capable of seeing at once how the forgery of such an instrument may work a fraud; and hence would not the allegation that the letter was counterfeited, with the usual general averment that the act was with the intent to defraud, be sufficient?" The true inquiry is, not whether the instrument on its face is uncertain, incomplete, and unintelligible, but is it void; if genuine, without regard to extrinsic facts, would it be invalid? The uncertainty and incompleteness may be removed or cured by reference to extrinsic facts; and when

[Rembert v. The State.]

these are averred and proved, the offense is punishable as forgery.

The want of a payee, and the want of an expression in words, or in figures accompanied by the dollar mark, of the sum acknowledged to be due, are the defects which it is insisted render the instrument forged void. No statute declares such an instrument void, and it certainly offends no principle of the common law for the maker to acknowledge in that form his indebtedness either to the person to whom the acknowledgment is delivered or to some other person who may be expected to receive it. It is merely uncertain and incomplete, and that it has the vicious capacity to defraud depends wholly on extrinsic facts. If these are averred, and disclose this capacity, the indictment is sufficient; and proof of the facts will authorize conviction. Suppose the instrument genuine, and the defendant suing the makers, Askew Brothers, on it, averring in his complaint the facts averred in the indictment, can it be doubted the complaint would be sufficient, and proof of the facts entitle him to a recovery?

Under our statute, the instrument would import a consideration, and its execution could only be denied by a sworn plea; nor could the ownership of the plaintiff, averred in the complaint, be put in issue otherwise than by a sworn plea. The court would by intendment supply the dollar mark, omitted in expressing the sum acknowledged to be due, rather than treat the instrument as void for uncertainty. *Murrill* v. *Handy,* 17 Mo. 406; *Northrop* v. *Sanborn,* 22 Vt. 433; *Evans* v. *Steel,* 2 Ala. 114; *White* v. *Word,* 22 Ala. 442; *Butler* v. *State,* 22 Ala. 43. Courts are very reluctant to pronounce written instruments void for mere uncertainty. When words are omitted, which from the very nature of the instrument can be supplied with certainty, the legal construction and operation of the instrument is the same as if they had been expressed. No one can doubt, if Askew Brothers had made and delivered to the defendant a genuine instrument, in the words and figures of the false instrument, that the courts, *ut res magis valeat quam pereat,* would have supplied by intendment the defects which it is insisted now render the instrument void.

If on its face the instrument is so uncertain that it does not appear to be the subject of forgery, capable of working injury, the averments of the indictment cure the defect, and place the instrument just where it would stand if these facts were expressed on its face. It would then be an instrument creating a pecuniary demand, and its false making forgery

[Jackson *v.* The State.]

in the second degree, under the statute. R. C. § 3702.

There was no error in overruling the demurrer to the indictment, and the judgment must be affirmed.