# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1883.

## Hobbs *v.* The State.

*Indictment for Forgery.*

1. *Proof of one offense when accused on trial for another; admissibility of.*—While, as a general rule, it is not permissible, on a trial for one offense, to prove that the accused has committed another and different offense, yet, if the two offenses form parts of the *res gestæ*, the latter is not excluded as extraneous.

2. *Forgery; when instrument will not support.*—A writing, void on its face because of the want of legal requisites to its validity, is not the subject of an indictment for forgery, in consequence of its incapacity to effect fraud; nor will a writing, so imperfect and obscure that it is unintelligible without reference to extrinsic facts, support an indictment for that offense, unless these facts are averred, and, by the averment, it is made apparent that it has the capacity of effecting fraud.

3. *Same; when instrument will support.*—An indictment charged the defendant with the forgery of an instrument which, omitting the date, address and signature, is in these words: "Please send me word how long you will give Stephen to pay for the bed, and if you will allow him time enough to pay for it let him have a cheap bureau as cheap as possible and I will see that you will get so and oblige, much a week. Just write it off the whole thing and send it to me." *Held*, that the instrument was of apparent legal efficacy, and not so imperfect and obscure that, without reference to extrinsic facts, it was unintelligible; that having these qualities, it had the capacity for the perpetration of fraud, and was the subject of forgery; and that it was not necessary to aver in the indictment that the fraud was consummated, the offense being complete by the false making of the writing, without the concurrence of damage or injury.

4. *Re-examination of witness discretionary with primary court.*—Recalling and re-examining a witness in the course of a trial at law, either in a civil or criminal case, is a matter resting in the sound discretion of the primary court, and is not revisable by this court on appeal.

5. *Forgery; presumption against one in possession of forged instrument.*—One found in the possession of a forged instrument, of which he purports to be the beneficiary, and applying it to his own use, must, in the absence of explanation, be presumed to have forged it, or to have been privy to its forgery.

1

6. *Same; when sentence to hard labor proper.*—On a conviction for forgery in the second degree, a term of two years having been fixed upon as the punishment, the court can elect whether it shall be hard labor for the county, or imprisonment in the penitentiary; and if hard labor for the county is imposed, as in this case, it is proper for the court to impose "additional hard labor for the county for a term sufficient to cover all costs and officers' fees," etc.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

The indictment in this case charges Stephen Hobbs, defendant in the court below, appellant here, with the forgery of a written instrument, which, retaining the punctuation and style of copying found in the indictment, is as follows: "Huntsville—July   Mr E B Carter,  Please send me word how long you will give Stephen to pay for the bed, and if you will allow him time enough to pay for it let him have a cheap bureau as cheap as possible and I will see that you get so and oblige, much a week J W Wall, Huntsville   Just write it off the whole thing and send it to me."

On the trial, as shown by the bill of exceptions, the State examined as a witness E. B. Carter, who testified that the defendant presented to him the instrument alleged to have been forged, when he let defendant "have a bedstead and a bureau." The defendant objected to, and moved to exclude the witness' statement, as to the bedstead, quoted above, because it was illegal and irrelevant, and because the paper alleged to have been forged did not name a bedstead, and did not appear to have been written to obtain a bedstead. The court overruled the objection and motion to exclude, and the defendant duly excepted. The witness further testified that the presentation of said paper to him, and the delivery of the bureau and bedstead to the defendant occurred in Madison county, in this State. The bill of exception then proceeds: "*A witness* was then sworn for the State, who examined the paper hereinafter set out, and alleged to have been forged, and testified that he did not write or sign said paper, and that he did not authorize any one to sign his name to it, and that it was not done with his knowledge or consent." Then, after reciting that the solicitor read to the jury the paper alleged to have been forged, the bill of exceptions proceeds: "The plaintiff rested. The defendant also rested. The solicitor for the State argued the case. The defendant's counsel argued the case, and made the point, that it had not been proved that John W. Wall, or J. W. Wall did not sign the paper alleged to have been forged. The court then, on motion of the solicitor, and against the defendant's objection, allowed the State to recall E. B. Carter to the witness' stand, and prove by

him that he knew J. W. Wall, and that said J. W. Wall had just been examined in the case on trial. The defendant then duly excepted to the ruling of the court, in allowing said witness to be recalled, and examined. The defendant then proved by Lydia Brown facts tending to show that defendant could not write; and the State proved by William Cooper facts tending to show that defendant could write. This was all the evidence." The court charged the jury, *ex mero motu*, (1) "that the said paper offered in evidence was an obligation which, without the aid of extrinsic allegations or proof, would, if genuine, fix a liability on J. W. Wall"; and (2) "that if they found that Wall did not sign the order, or authorize it to be signed in his name, and if it were proved that the defendant had the writing offered in evidence, and handed the same to E. B. Carter, and obtained a bedstead and bureau from said Carter, and had failed to explain how he obtained said order or paper, the jury might infer that the defendant had written said paper, or procured it to be written." To each of these charges the defendant duly excepted.

After a verdict of guilty had been returned by the jury, but before sentence, the defendant moved the court "to arrest the judgment in the case, and to discharge" him, on the grounds that (1) the indictment did not charge him with any offense; (2) the paper alleged to have been forged, if genuine, is not a writing that created or imposed any liability; (3) "no fact *aliunde* the paper alleged to have been forged is alleged, which would cause said paper to impose any liability on any one;" and (4) "it is not alleged that defendant obtained any thing of value of any one by means of said paper alleged to be forged." The court overruled defendant's motion, and sentenced him to hard labor for Madison county for two years, "as a punishment for the offense committed," and for the additional term of one hundred and thirty-two days, for costs and officers' fees, they having been ascertained to be $52.95, and the defendant having failed to pay or secure the same.

The rulings above noted are here assigned as error.

D. D. SHELBY, for appellant.—(1) An indictment charging the forging of an instrument creating no liability on its face, without averments *aliunde*, is demurrable.—*People v. Shall*, 9 Cowen, 778; *People v. Harrison*, 8 Barb. (N. Y.) 560; *Com. v. Ray*, 3 Gray 441; *Com. v. Lawless*, 101 Mass. 32; *Rembert v. State*, 53 Ala. 467; 2 Bish. on Cr. Law, 440–48. The order alleged to have been forged does not create, or purport to create any liability. Carter could not have recovered of Wall on the order, if it had been genuine, without proving that he did let Stephen have the bureau, and its value. These

[Hobbs v. The State.]

facts should have, therefore, been alleged. (2) The contract alleged to have been forged is one of guaranty. It purports to make Wall responsible for Hobbs' debt; and, if valid, is a guaranty.—Brandt on Suretyship, § 1. So Wall would have had the right to stand on the *exact* terms of the contract.—*Ib.* § 79. The contract, therefore, by its words not being enforceable, is void. Forgery can not be predicated upon a void writing.—2 Bish. on Cr. Law, 533; *John v. State*, 23 Wis. 504; *Abbott v. Rose*, 62 Me. 194; *Reed v. State*, 28 Ind. 396; *State v. Briggs*, 34 Vt. 503. (3) The order is void for uncertainty. It fixes no certain liability on Wall, even if it were proved, in a suit on the order, that Carter let Stephen have the bureau. If it binds Wall at all, it is to make weekly payments. Are the payments to be one cent a week, or one dollar a week? It is void for uncertainty.—Bish. on Con. §§ 22, 581; Pomeroy on Con. § 159 and note; 1 Chitty on Con. 93. (4) The order had no connection with the bedstead which Carter let defendant have. The court erred in not excluding Carter's testimony that he let defendant have a bedstead on the order. (5) The sentence in this case case being for over two years, should the defendant not have been sentenced to the penitentiary, and not to hard labor for the county?—Code, 1876, § 4450.

H. C. Tompkins, Attorney-General, for the State. (1) The instrument alleged to have been forged purports to create a pecuniary demand or obligation, and comes within the statute. The meaning of the order, on its face, is plain, and is this: That if Carter would sell the bearer a cheap bureau, to be paid for in a reasonable time, to be agreed upon between them, the signer would see that it was paid for in that time by weekly installments, the amount of such installments to be determined by the time of payment agreed upon. (2) It is not necessary that a paper writing, to come within the statute, should be an instrument upon which an action may be maintained by simply setting it out in a complaint; for if such were the rule, no mere order would be within the statute. It is sufficient, if the instrument is one "which, if genuine, might apparently be of legal efficacy, or the *foundation* of a legal liability" Clearly the instrument set out in the indictment might be the "foundation of a legal liability."—*Rembert v. State*, 53 Ala. 467; 2 Bish. on Cr. Law, § 523; *Stearn's case*, 21 Wend. 413. (3) The evidence objected to was all part and parcel of the same transaction; and it was impossible to separate the part objected to, from the part conceded to be admissible. (4) The charge was in strict conformity to the rule laid down by this Court.—*Allen v. State*, in MSS.

BRICKELL, C. J.—1. The writing, if genuine, was not an authority for the sale of a bedstead, or of any other article than a bureau; yet, the sale and delivery of the bedstead and the bureau, and the presentment of the writing were in point of time coincident, forming parts of the same transaction. It may be, the fact of the sale of the bedstead was unessential and unimportant; but it would have been difficult, in a narration of the fact of the presentment of the writing, and of the use to which it was applied by the defendant, to avoid reference to it. We can see no reason for separating the transaction into parts, admitting some in evidence, and excluding others. If, through the medium of the writing, the defendant obtained credit for the bedstead, the fact could properly be shown as indicative of the motives for its false making. As a general rule, it is not permissible, on a trial for one offense, to prove that the accused has committed another and different offense; but if the two form parts of the *res gestæ*, the one is not excluded as extraneous—it may be important as indicative of notice or of the *scienter.—Gassenheimer v. State*, 52 Ala. 313.

2. The motion in arrest of judgment, and the first instruction given the jury involve substantially the same and the main question in the case; which is, whether the writing is not void, without legal efficacy, and incapable of being the subject of forgery. The point of contention is, that it is fatally uncertain; that the price or cost of the bureau is not stated, nor is the time or manner of payment, and, of consequence, that it could not become the basis of a valid contract. A writing, void on its face because of the want of legal requisites to its validity, is not the subject of an indictment for forgery, in consequence of its incapacity to effect fraud. Illustrations are an unattested will of lands, and a conveyance of lands by a married woman, not purporting to be executed as the law may appoint. And a writing, so imperfect and obscure that it is unintelligible without reference to extrinsic facts, will not support an indictment for forgery, unless these facts are averred, and by the averment it is made apparent that it has the capacity of effecting fraud.—*Rembert v. State*, 53 Ala. 467. But it is quite an error to suppose that a writing like that set out in the indictment is invalid for the want of legal requisites, or that it is so imperfect and obscure, that, without reference to extrinsic facts, it is unintelligible. The law has not prescribed for it a particular mode of execution, nor declared its requisites. In form, substance, and legal effect, it is a proposition to pay the person to whom it is addressed, in weekly installments, the price or cost of a cheap bureau, which the person designated may purchase. It is an authority to that person to purchase, to agree upon the price, and to fix the installments in which it

is payable. The limitation upon the authority is, that the bureau must be in price and value, *cheap;* that is, common as compared with others of greater value, and the price is not to be payable presently, or in a gross sum in the future, but in weekly installments, the sum of each installment having a reasonable correspondence to the price. When acted upon by the person to whom it was addressed; when the proposition was accepted, and there was a sale of a bureau, if there was not a plain departure from the limitations of the authority, the writer would become immediately liable—a debt would be created, his own debt, and not the debt of another. Similar writings are used daily in the transaction of business, have often been the subject of controversy, and their legal validity and operation, as creating direct engagements upon the part of the promisor, can not be doubted or questioned, though the sum payable, or the time of payment may not be expressed; these are determinable and rendered certain by the act of the person authorized to deal on the credit of the promisor.—*Bates v. Starr,* 6 Ala. 697; *Oliver v. Hire,* 14 Ala. 590; *Scott v. Myatt,* 24 Ala. 489; *Sanford v. Howard,* 29 Ala. 684. The writing is of apparent legal efficacy; if genuine, it would answer the purpose of its creation—enabling the person designated to buy a cheap bureau on the credit of the writer or person signing it, from the person to whom it is addressed. Having these qualities, it has the capacity for the perpetration of fraud, and is the subject of forgery. It was not necessary to aver in the indictment that the fraud was consummated. The offense was complete by the false making of the writing, without the concurrence of damage or injury.—*Jones v. State,* 50 Ala. 161.

3. Recalling and re-examining a witness in the course of a trial at law, civil or criminal, is a matter resting in the sound discretion of the primary court, and its action is not revisable on error.

4. The second instruction given by the court is free from error. The possession and use of the means or instruments of crime is always an important fact, which, if unexplained, raises unfavorable presumptions. One found in the possession of a forged instrument of which he purports to be the beneficiary, and applying it to his own uses, must, in the absence of explanation, be presumed to have fabricated it, or to have been privy to its fabrication. It is difficult to conceive that he could have the possession unless he had fabricated it, or assented to its fabrication; and the presumption grows stronger, when he uses or attempts to use it.—*State v. Britt,* 3 Dev. 122.

5. It was the duty of the court to affix the punishment following conviction, which must have been either imprisonment

[Johnson v. The State.]

in the penitentiary, or hard labor for the county, for a term of not less than two, and not exceeding ten years.—Code of 1876, § 4342. A term of two years having been fixed upon, the court could elect whether it should be hard labor for the county, or imprisonment in the penitentiary. The law confides the discretion to the court.—Code of 1876 § 4450. Imposing hard labor for the county, the court properly imposed additional hard labor for the county for a term sufficient to cover all costs and officers' fees, etc.—Pam. Acts, 1880–81, p. 37; Code of 1876, § 4731.

We find no error in the record, and the judgment must be affirmed.