# Nelson *v.* The State.

### Indictment for Forgery.

1. *What writing may be subject of forgery.*—A written instrument in these words, "*Due 8.50 c. J. D*," may be the subject of forgery, when the necessary explanatory averments are added; as, "meaning thereby that the sum of $8.50 was due the bearer of said instrument, as change, from the mercantile firm of M.'Brothers, at their store, as certified to by one John Duffin, a clerk in their employment, who had authority to make such certificate in the regular course of business at said store."

2. *Same; change-bills* —An instrument which shows on its face that it was "issued with the intent to circulate as money," though its issue is prohibited under heavy penalties, civil and criminal (Code, §§ 1424, 4433), is not void, but may be the subject of forgery.

FROM the Circuit Court of Marengo.

Tried before WM. H. TAYLOE, an attorney of the court, selected under the statute (Code, § 664), on account of the disqualification of the presiding judge.

The indictment in this case, in its first count, charged that the defendant, Lymas Nelson, "falsely and with the intent to injure or defraud, did alter, forge or counterfeit an instrument in writing, which is in words and figures as follows : '*Due 8.50 c. J. D.;*' meaning thereby that the sum of $8.50 was due the bearer of said instrument, as change, from the mercantile firm of Mayer Brothers, a firm composed of Morris Mayer and Simon Mayer, at the store of said firm, as certified to by one John Duffin, a clerk in their employment, who had authority to make such certificate in the regular course of business at said store." The defendant demurred to the indictment, on these grounds : 1st, "that the instrument set out therein, and alleged to have been forged by the defendant, is too vague and indefinite to predicate forgery thereon;" 2d, "that said instrument is illegal, vague and indefinite, and hence is not the subject of a legal liability, and therefore not of forgery." The court overruled the demurrer, and a trial was had on issue joined on the plea of not guilty.

On the trial, as appears from the bill of exceptions, John Duffin thus testified : "I know this paper. I wrote '*Due* 50

[Nelson v. The State.]

c. J. D.,' and that is all I wrote. I gave the paper to Lymas Nelson, as balance on a due-bill I had renewed in the store. He kept it about two weeks  When I saw it again, it was changed to $8.50. I am certain of this.  I saw it again on the day he passed it.  It was customary to write them (the due-bills) in the store, from one department to the other." Another clerk in the store of Mayer Brothers testified, in behalf of the State, "that the defendant presented said due-bill to him, and received on it about one dollar and twenty or thirty cents in merchandise, and the balance in cash from Morris Mayer." Morris Mayer, one of the partners composing the firm of Mayer Brothers, another witness for the State, testified, "that said paper was presented to him, at the desk, to be cashed ; that it was written on a small piece of wrapping paper; that his suspicions were aroused, because the amount was larger than it was customary in the store to issue them ; and that, on learning that it had been presented by the defendant, he sent for an officer, and had defendant arrested."  This witness further testified, as to the issue of this and other due-bills by his firm, "that said John Duffin, his clerk, issued this due-bill, and others of like nature and of various amounts, by and with his authority ; that the object of them was to act as change, so that customers could trade a portion of whatever was due them from the store, for articles sold the store, or for money, in the grocery department, and thereby obviate the inconvenience of obtaining change from the clerks to do the balance of their trading in the dry-goods department, which was in a building adjoining the grocery department ; and that hence, instead of the clerks giving out change, John Duffin would write these due-bills, and give them." Another clerk in the store, a witness for the State, "testified as to the issue of said due-bills by the firm, substantially to the same effect as said Mayer ; also, that a very large number of them were at that time issued by the store ; that customers were in the habit, not only of trading them in the dry-goods department, but of taking them home with them, and trading them at any future time which suited them ; and that they were paid at the store, on presentation."

The defendant asked the following (with other) charges in writing, and duly excepted to the refusal of each : (1.) "If the jury believe the evidence, they will find the defendant not guilty."  (2.) "If the jury believe, from the evidence, that the paper charged in the indictment as being forged by the defendant was issued for the purpose of answering the place of money, or for general circulation, it is illegal and void, and is not the subject of forgery ; and the jury must then

find the defendant not guilty." (3.) "A contract which is in violation of a statutory provision, is void, and incapable of being enforced; and so, if the jury find, from the evidence, that the paper in this case was issued with intent to circulate generally, or answer the purposes of money, they must find the defendant not guilty."

CLARKE & WEBB, for the appellant, cited Code, § 4433; *Woods & Co. v. Armstrong*, 54 Ala. 580; *Robertson v. Robinson*, 65 Ala. 614; *Stanley v. Nelson*, 28 Ala. 514.

THOS. N. MCCLELLAN, Attorney-General, for the State, cited Code, § 1424; *Rembert v. State*, 53 Ala. 457; *Baysinger v. State*, 77 Ala. 60; 22 Amei. Dec. 306, note on p. 321; *Barnett v. State*, 54 Ala. 579; Bish. Cont. 166; 1 Dan. Neg. Instr., §§ 74, 688a; 2 Ib. § 1218.

STONE, C. J.—There can be no doubt that the instrument alleged to have been forged, coupled with sufficient explanatory averments of fact, may be the subject of forgery.—*Rembert v. State*, 53 Ala. 467; *Hobbs v. State*, 75 Ala. 1; 1 Bish. Cr. Law (7th ed.), § 523; 1 Whar. Cr. Law, § 680; *Dixon v. State*, 1 So. Rep. 69; s. c., 81 Ala. 61. The averments in the first count in the indictment are sufficient to constitute the false making of such instrument forgery, if done with intent to defraud. We need not inquire as to the other counts. The indictment is sufficient. In fact, we do not understand this to be controverted.

The precise defense relied on is, that the instrument charged to have been forged is void on its face, and therefore can not be the subject of forgery. The special ground urged is, that the paper shows on its face that it was made and emitted to answer the purposes of money, and for general circulation—an indictable offense under the statute. Code of 1876, § 4433; *Barnett v. State*, 54 Ala. 579. We need not consider whether this paper falls within the class prohibited by the statute. If it does, it is very true the party issuing it would be liable to indictment and a severe penalty. But the paper would not be void. On the contrary, it is an absolute, unconditional promise to pay, "and may be sued on by the holder thereof, without transfer or assignment, and without demand or protest or notice, and the amount thereof recovered, with interest thereon at the rate of fifty per cent. per annum."—Code of 1876, § 1424. So, instead of being void, paper so emitted imposes a fearful pecuniary penalty. No class of forged paper could purport to create greater pecuniary obligation, and none, to the

[Haralson v. The State.]

extent of its expressed amount, could be made a more effectual instrument of fraud.

There is no error in the record.

Affirmed.

