# Fomby *v.* The State.

*Indictment for Forgery.*

1. *What writing is subject of forgery; averment of extrinsic facts in indictment.*—A written instrument which is on its face unintelligible, not purporting to create or discharge any pecuniary liability, nor otherwise showing that another person might be injured by it, will not support an indictment for forgery (Code, § 3852), unless extrinsic facts are averred supplying its deficiencies.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged that the defendant, Henry Fomby, with intent to injure or defraud, "did forge an order or instrument in writing, purporting to be the act of one Greene Milligan, which order is in the words and figures following," setting it out. The writing set out in the indictment, as copied into the transcript, is unintelligible, but it seems to have been signed *"Grenn Milisic,"* addressed ·to "Mr. Odom," and in these words, or letters: Please *ete* this man have *surthanges, an illitz riai jor then untill* Payday;" and after the signature the words were added, *"He is all right."* The original writing was attached to the transcript as an exhibit, by order of the court below; but it seems to have been returned to that court, and has not come to the hands of the Reporter. The bill of exceptions states that the defendant demurred to the indictment, assigning as ·grounds of demurrer the unintelligibility of the writing set out, and its incapacity to deceive or defraud, or to create or discharge a pecuniary liability; but this does not appear in the judgment-entry. The bill of exceptions contains this additional statement: "In his argument to the jury, after the evidence on both sides had been closed, the solicitor attempted to interpret, construe and translate the said alleged forged writing, by spelling out certain words, and explaining their meaning; to which attempted translation and construction the defendant duly objected and excepted."

LEA & GREENE, for appellant, cited *Holt v. State,* 75 Ala. 1; *Rembert v. State,* 53 Ala. 467; *Given v. State,* 5 Ala. 747;

[Fomby v. The State.]

2 Bish. Crim. Law, §§ 506-512; Wharton's Crim. Law, §§ 740, 696-7.

W. L. MARTIN, Attorney-General, for the State, contended that the ruling on demurrer to the indictment, not being shown by the judgment-entry, was not presented for revision; citing *Steele v. Savage*, 85 Ala. 230; *Perry v. Danner*, 74 Ala. 485; *Tyree v. Parham*, 66 Ala. 424; *Smith v. State*, 68 Ala. 424; *Buckley v. Wilson*, 56 Ala. 393; *Petty v. Dill*, 52 Ala. 641.

CLOPTON, J.—It is well established that an indictment which merely sets out a writing, on which the forgery charged is predicated, wanting in the legal requisites to its validity, or so imperfect or incomplete that it can not be the foundation of a legal liability, and its real meaning and terms are not intelligible from the words and characters used, does not charge an offense. If the legal force of the writing, not being apparent on its face, arises from extrinsic facts, or, being incomplete or unintelligible, its meaning and capacity to effect a fraud are derived from extrinsic facts, such facts must be averred with certainty to make judicially apparent that the instrument is the subject of forgery.—*Rembert v. State*, 53 Ala. 467; *Hobbs v. State*, 75 Ala. 1.

The instrument, for forging which the defendant was convicted, is set forth in the indictment *in hæc verba*. On its face, so far as it can be deciphered, it does not purport to create a pecuniary liability on another, nor does it show that another might be injured by it. It is not apparent, that, if genuine, it would operate as the basis of another person's liability. It is uncertain, and some of the words and characters used are so obscure and unintelligible, that its meaning and vicious capacity can not be ascertained from the writing as set forth in the indictment, nor what effect, if any, it should have. In such case, the extrinsic facts connected with a forged instrument, should be averred, so that the court may see its capacity to create a liability, or to effect a fraud. No extrinsic facts are averred, which show or tend to show its vicious capacity, nor is its apparent obscurity explained or removed by inuendo or otherwise. The demurrer to the indictment should have been sustained.

Reversed and remanded.