(104 So. 882)

## ADERS v. STATE. (6 Div. 705.)

(Court of Appeals of Alabama. June 30, 1925.)

1. Criminal law ⬥304(2)—Judicial notice taken of day of week.

The court judicially knows that December 23, 1923, fell on Sunday.

2. Forgery ⬥12(1)—Instrument, void on its face because executed on Sunday, is not subject to indictment for forgery.

Instrument, which under Code 1923, § 6821, was void on its face because executed on Sunday, is not subject to indictment for forgery unless facts rendering it free from vice, such as forging or uttering on a week day, be alleged.

3. Forgery ⬥12(1)—Execution of false bill of exchange, void by statute, does not constitute forgery.

The false making of a bill of exchange, void by statute, does not constitute forgery.

4. Forgery ⬥29(1)—Where legal force of instrument arises from extrinsic facts, such facts must be averred with certainty.

If legal force of forged instrument is not apparent on its face, but arises from extrinsic facts, such facts must be averred with cer-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 213 Ala. 121.

tainty to make judicially apparent that instrument is subject of forgery.

**5. Forgery ☞29(1)—Indictment and information ☞196(5)—Indictment setting out apparently void instrument, without alleging extrinsic facts showing validity, is bad, and defendant entitled to affirmative charge without demurrer.**

Indictment in Code form for forgery, which set out an instrument void because executed on Sunday, without alleging extrinsic circumstances showing that instrument was in fact valid, does not charge any offense, and defendant was entitled to general affirmative charge, notwithstanding failure to demur.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Edward (alias Ed.) C. Aders was convicted of forgery, and he appeals. Reversed and remanded.

Frank B. Embrey, of Pell City, and Harrison & Judge, of Birmingham, for appellant.

If an instrument, the subject of the alleged forgery, is void on its face, or does not appear to have any legal validity, but extrinsic facts are introduced by which the holder of the instrument might be able to defraud another, the indictment must aver such extrinsic facts. Rembert v. State, 53 Ala. 467, 25 Am. Rep. 639; Burnett v. State, 18 Ala. App. 388, 92 So. 521; Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37; Dixon v. State, 81 Ala. 61, 1 So. 69; Fomby v. State, 87 Ala. 36, 6 So. 271; State v. Sherwood, 90 Iowa, 550, 58 N. W. 911, 48 Am. St. Rep. 461. Where the indictment charges no offense, the affirmative charge should be given for the defendant. Isbell v. State, 18 Ala. App. 223, 90 So. 55.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

The indictment followed the Code form. It was not necessary to aver when the offense was committed. Code 1923, §§ 4534, 4121. The mere execution of the check on Sunday did not void it unless it was then delivered. Evidence of the date of forgery was admissible under the indictment. Rembert v. State, 53 Ala. 467, 25 Am. Rep. 639; Bartlett v. State, 8 Ala. App. 248, 62 So. 320; Burns v. Moore, 76 Ala. 339, 52 Am. Rep. 332; Flanagan v. Meyer, 41 Ala. 132; Aldridge v. Bank, 17 Ala. 45; King v. Fleming, 72 Ill. 21, 22 Am. Rep. 131.

SAMFORD, J. The defendant was convicted of the offense of forgery and appeals.

[1, 2] The indictment, in the Code form, sets out in hæc verba the instrument the forging or uttering of which is relied upon for a conviction. This instrument appears to bear date of December 23, 1923, which this court knows judicially fell on Sunday, and it is such an instrument as that by terms of the statute (Code 1923, § 6821), being executed on that day, it is void. As said by our Supreme Court in the case of Hobbs v. State, 75 Ala. 1:

"A writing, void on its face because of the want of legal requisites to its validity, is not the subject of an indictment for forgery, in consequence of its incapacity to effect fraud. Illustrations are an unattested will of lands, and a conveyance of lands by a married woman, not purporting to be executed as the law may appoint. And a writing, so imperfect and obscure that it is unintelligible without reference to extrinsic facts, will not support an indictment for forgery, unless these facts are averred, and by the averment it is made apparent that it has the capacity of effecting fraud."

It is clear that the writing in question may be the subject of forgery, under certain circumstances extrinsic to the paper itself, such as an allegation that, while it bore date as of a Sunday, yet as a matter of fact it was forged or uttered on a week day, but we are equally clear that such extrinsic facts and circumstances are not set out in the indictment as make it free from vice. Burnett v. State, 18 Ala. App. 388, 92 So. 521.

[3] "The false making a bill of exchange, void by statute, will not constitute the offense" of forgery. Rembert v. State, 53 Ala. 467, 25 Am. Rep. 639.

[4] "If the legal force of the writing, not being apparent on its face, arises from extrinsic facts * * * such facts must be averred with certainty to make judicially apparent that the instrument is the subject of forgery." Fomby v. State, 87 Ala. 36, 6 So. 271.

[5] It is true that most of the observation, above, quoted from decisions of our Supreme Court, were in reference to the question when demurrers should have been sustained, but we find, in Benjamin v. State, 121 Ala. 26, 25 So. 917, this statement:

"There can be no doubt of the proposition, that an objection fatal on demurrer to an indictment will prevail on motion in arrest of judgment"—citing Brick. Dig. 517, § 962.

If indeed the indictment, as laid in this case, charged no offense, the defendant was entitled to have given in his favor the general affirmative charge, duly requested. And we are of the opinion that, standing alone, it failed to charge any offense. As said by Mr. Chief Justice McClellan in Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37:

"If extrinsic facts exist [existed] which taken in connection with the paper impart to it a capacity to injure or defraud, they should have been averred in the indictment. No such facts are [were] alleged in this indictment, and, therefore, neither of its counts [it did not]

charge any offense"—citing Rembert v. State, 53 Ala. 467, 25 Am. Rep. 639; Dixon v. State, 81 Ala. 61, 1 So. 69; Williams v. State, 90 Ala. 649, 8 So. 825.

It is possible that, under the reasoning in Ex parte State, etc., Coker v. State, 207 Ala. 656, 93 So. 383, we should hold that in this case the defendant, having failed to demur to the indictment, could not complain at the refusal to give in his behalf the general affirmative charge, but we have been left to our own efforts in the matter of seeking out the expressions of our Supreme Court pertinent in the premise, which we are required by statute to follow in our holdings, and, as best we can gather from the various decisions examined it would seem that the indictment in this case charges no offense, and that the trial court erred in refusing to give the general affirmative charge in favor of the defendant.

The other rulings complained of may not arise upon another trial, and will not here be considered.

For the error pointed out, let the judgment be reversed, and the cause remanded.

Reversed and remanded.