183 So. 907

## CROW v. STATE.

### 6 Div. 181.

Supreme Court of Alabama.

Dec. 9, 1937.

Rehearing Denied April 21, 1938.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the motion.

Clarence Mullins, Harvey T. Deramus, and W. Emmett Perry, all of Birmingham, opposed.

FOSTER, Justice.

The indictment considered by the Court of Appeals charges forgery of a written instrument set out in it in the form of an affidavit purporting to have been executed by a witness in a civil suit, in which affiant is made to swear that the certificate issued to him was lost or misplaced and not sold or transferred by him.

 The Court of Appeals held that the indictment was insufficient in not alleging extrinsic facts showing that the instrument, if genuine, would affect some financial or property right, on the authority of Williams v. State, 90 Ala. 649, 8 So. 825, and other cases to like effect. The cases hold that unless the instrument is one, the forgery of which is a crime at common law, or shows on its face that if genuine is of apparent legal efficacy and has the capacity to defraud, or is described by sections 4120 or 4121, or other statute, the indictment must allege extrinsic facts which show its legal efficacy or capability to defraud. Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am.St.Rep. 37; Dudley v. State, 10 Ala.App. 130, 64 So. 534, certiorari denied 188 Ala. 77, 66 So. 91; Murphy v. State, 118 Ala. 137, 23 So. 719; Jones v. State, 50 Ala. 161; Rembert v. State, 53 Ala. 467, 25 Am.Rep. 639, and Dixon v. State, 81 Ala. 61, 1 So. 69.

So that the question here is whether the affidavit has legal efficacy apparent on its face and without the averment of extrinsic facts. Section 7245, Code, gives a legal status to such an affidavit, by which one is entitled upon its authority to receive money from a county officer. It is one which, if true, in the language of the authorities, "possesses some legal validity, or (is) legally capable of effecting a fraud." And by reason of the statute, such status appears on the face of the instrument, whereby it is unnecessary to aver extraneous facts. We think the demurrer to the indictment on that ground should not be sustained. That is the only point treated by the Court of Appeals.

Writ of certiorari awarded.

Reversed and remanded to Court of Appeals.

All the Justices concur.