31 So.2d 776

**GOOCH v. STATE.**

8 Div. 556.

Supreme Court of Alabama.
July 31, 1947.

478

SIMPSON, Justice.

The Court of Appeals under the provisions of § 88, Title 13, Code 1940, has certified for our answer the following two questions:

"1. Does a check dated on Sunday possess sufficient legal efficacy to defraud so as to be the subject of forgery where no extrinsic facts are alleged in the indictment?

"2. Does Title 9, Section 21, Code of Alabama 1940, prevent the prosecution in the name of the State for the forgery of an instrument dated on Sunday?"

A precise, categorical answer is not possible to either of these general inquiries, as will appear from the considerations hereafter noted. The legal principles adverted to, however, should be sufficient for the purposes of your decision.

The pertinent statute is: "All contracts made on Sunday, unless for the advancement of religion, or in the execution, or for the performance of some work of charity, or in case of necessity, or contracts for carrying passengers or perishable freight or transmissions of telegrams or for the performance of any duty authorized or required by law to be done on Sunday are void." § 21, Title 9, Code 1940.

The offense of forgery is committed if the accused intended to defraud by forging or uttering, as genuine, a spurious instrument which has the capacity to defraud. Jones v. State, 50 Ala. 161; Denson v. State, 122 Ala. 100, 26 So. 119; Hall v. State, 31 Ala.App. 435, 18 So.2d 572, certiorari denied 245 Ala. 671, 18 So.2d 574.

But a writing void on its face, illegal in its very frame, is not the subject of forgery in consequence of its incapacity to effect a fraud. Rembert v. State, 53 Ala. 467, 25 Am.Rep. 639; Hobbs v. State, 75 Ala. 1; Hall v. State, supra; Burdick, Law of Crimes 547, § 622a.

A check is a contract (Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81, 86 A.L.R. 455)—a bill of exchange drawn on a bank payable on demand—and is therefore within the purview of the Sunday statute and likewise may be the subject of forgery. Howard v. State, 17 Ala. App. 628, 88 So. 215.

And, "The false making of a bill of exchange, void by statute, will not constitute the offense [of forgery]." Rembert v. State, supra, 53 Ala. at p. 469, 25 Am. Rep. 639.

So, a check given on Sunday, unless for one of the purposes permitted by law as set forth in the Sunday statute, would be void and not the subject of forgery.

Therefore an indictment in charging forgery should show that the instrument (check) was one the forgery of which would be an offense under the law. And if the writing is such " 'as to leave an apparent uncertainty in law whether it is valid or not, a simple charge of forging it fraudulently, etc., does not show an offense; but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid.' 2 Bish.Crim.Law, (7th Ed.) § 545; State v. Humphries, 10 Humph. [Tenn.] 442." Dixon v. State, 81 Ala. 61, 65, 1 So. 69, 71.

Hence, a forged check, appearing on its face to have been given for one of the permitted transactions enumerated in the statute or to have been delivered on a weekday, would support an indictment for forgery, without averring extrinsic facts showing its legal efficacy.

On the other hand, if such facts do not appear on the face of such a Sunday-dated instrument it would not support an indictment for forgery unless there are alleged circumstances extrinsic to the paper itself showing it is not void, such as that it was given for one of the permissive purposes enumerated in the statute or that while it bore date as of Sunday, as a matter of fact, it was forged or uttered on a secular day. Fomby v. State, 87 Ala. 36, 6 So. 271; Aders v. State, 21 Ala.App. 41, 104 So. 882; Crow v. State, 236 Ala. 26, 183 So. 907, and cases cited.

All the Justices concur.