31. So.2d 779

## GOOCH v. STATE.

### 8 Div. 556.

Court of Appeals of Alabama.
Sept. 2, 1947.

222

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

The conviction in the court below was based on the following indictment:

"The Grand Jury of said County charge that before the finding of this Indictment, Ralph Gooch, whose name is to the Grand Jury otherwise unknown, than as stated, with intent to injure or defraud, did alter, forge, or counterfeit a certain check, which was in substance as follows:

" 'Florence, Ala., Oct 28 1945   No. ——
" 'The First National Bank ⌐61–87
" 'Florence, Ala.
" 'Pay to Tome Smith or bearer    $30.00
        Thirty 00/100            Dollars
                        " 'Jr. Thomas.'

"(On back of check:)

" 'Tome Smith

" 'Ralph Gooch'

or with intent to injure or defraud did utter and publish as true the said falsely altered, forged, or counterfeited check, knowing the same to be so altered, forged or counterfeited, against the peace and dignity of the State of Alabama."

As indicated, the check which is the basis of the forgery charge bears date of a Sunday.

Under the provisions of Title 13, Section 88, Code 1940, we certified to the Supreme Court these questions:

"1. Does a check dated on Sunday possess sufficient legal efficacy to defraud so as to be the subject of forgery where no

extrinsic facts are alleged in the indictment?

"2. Does Title 9, Section 21, Code of Alabama 1940, prevent the prosecution in the name of the State for the forgery of an instrument dated on Sunday?"

In response to the certification the Supreme Court stated:

"A precise, categorical answer is not possible to either of these general inquiries, as will appear from the considerations hereafter noted. The legal principles adverted to, however, should be sufficient for the purposes of your decision.

"The pertinent statute is: 'All contracts made on Sunday, unless for the advancement of religion, or in the execution, or for the performance of some work of charity, or in case of necessity, or contracts for carrying passengers or perishable freight or transmissions of telegrams· or for the performance of any duty authorized or required by law to be done on Sunday are void.' § 21, Title 9, Code 1940.

■ "The offense of forgery is committed if the accused intended to defraud by forging or uttering, as genuine, a spurious instrument which has the capacity to defraud. Jones v. State, 50 Ala. 161; Denson v. State, 122 Ala. 100, 26 So. 119; Hall v. State, 31 Ala.App. 455, 18 So.2d 572, certiorari denied 245 Ala. 671, 18 So.2d 574.

"But a writing void on its face, illegal in its very frame, is not the subject of forgery in consequence of its incapacity to effect a fraud. Rembert v. State, 53 Ala. 467, 25 Am.Rep. 639; Hobbs v. State, 75 Ala. 1; Hall v. State, supra; Burdick, Law of Crimes 547, § 622a.

■ "A check is a contract (Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81, 86 A.L.R. 455)—a bill of exchange drawn on a bank payable on demand —and is therefore within the purview of the Sunday statute and likewise may be the subject of forgery. Howard v. State, 17 Ala.App. 628, 88 So. 215.

■ "And, 'The false making of a bill of exchange, void by statute, will not constitute the offense (of forgery).' Rembert v. State, supra, 53 Ala. at page 469, 25 Am.Rep. 639.

■ "So, a check given on Sunday, unless for one of the purposes permitted by law as set forth in the Sunday statute, would be void and not the subject of forgery.

■ "Therefore an indictment in charging forgery should show that the instrument (check) was one the forgery of which would be an offense under the law. And if the writing is such ' "as to leave an apparent uncertainty in law whether it is valid or not, a simple charge of forging it fraudulently, etc., does not show an offense; but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid." 2 Bish.Cr. Law, (7th Ed.) § 545; State v. Humphries, 10 Humph. [Tenn.] 442.' Dixon v. State, 81 Ala. 61, 65, 1 So. 69, 71.

■ "Hence, a forged check, appearing on its.face to have been given for one of the permitted transactions enumerated in the statute or to have been delivered on a weekday, would support an indictment for forgery, without averring extrinsic facts showing its legal efficacy.

■ "On the other hand, if such facts do not appear on the face of such a Sunday-dated instrument it would not support an indictment for forgery unless there are alleged circumstances extrinsic to the paper itself showing it is not void, such as that it was given for one of the permissive purposes enumerated in the statute or that while it bore date as of Sunday, as a matter of fact, it was forged or uttered on a secular day. Fomby v. State, 87 Ala. 36, 6 So. 271; Aders v. State, 21 Ala.App. 41, 104 So. 882; Crow v. State, 236 Ala. 26, 183 So. 907, and cases cited."

■ This holding is decisive of this appeal. It follows, therefore, that the defendant below was due the general affirmative charge as he requested.

The judgment of the nisi prius court is ordered reversed and the cause is remanded.

Reversed and remanded.