72 So.2d 858

**WILLIAMS v. STATE.**

**8 Div. 440.**

Court of Appeals of Alabama.

March 30, 1954.

Rehearing Denied April 20, 1954.

R. B. Patton and D. U. Patton, Athens, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of forgery.

The instrument which is alleged to have been forged is a check dated "7–27–1952." This date was on Sunday.

The indictment does not allege or set out any circumstances extrinsic to the check itself showing it is not void.

We had this identical question before us for review in the case of Gooch v. State, 33 Ala.App. 221, 31 So.2d 779. We certified the following questions to the Supreme Court:

"1. Does a check dated on Sunday possess sufficient legal efficacy to defraud so as to be the subject of forgery where no extrinsic facts are alleged in the indictment?

"2. Does Title 9, Section 21, Code of Alabama 1940, prevent the prosecution in the name of the State for the forgery of an instrument dated on Sunday?"

The response is reported in 249 Ala. 477, 31 So.2d 776, 174 A.L.R. 1297.

The effect of the Supreme Court decision is that a check given on a Sunday is void

and cannot be made the subject of forgery. To avoid this apparent defect the indictment must allege extrinsic facts which would enable the court to determine that it is valid.

Under this authority the indictment in the case at bar does not on its face charge any offense. It is the duty of this court to take note of this defect and to declare that it will not support the judgment of conviction. Mehaffey v. State, 16 Ala.App. 99, 75 So. 647; Brown v. State, 32 Ala.App. 246, 24 So.2d 450.

It may be noted the evidence in the case discloses that the forgery and the uttering of the check took place on the Sunday the instrument is dated.

Under the circumstances incident to this appeal we do not see the need or necessity of remanding the cause. It is therefore ordered that the judgment below be reversed and judgment rendered discharging defendant from further custody in this proceeding. Title 15, Sec. 390, Code 1940.

Reversed and rendered.