333 So.2d 610 (1976)
Roosevelt WILLIAMS
v.
STATE.
8 Div. 697.
Court of Criminal Appeals of Alabama.
January 20, 1976.
Rehearing Denied February 17, 1976.
Douglas V. Hale and Lowell H. Becraft, Jr., Huntsville, for appellant.
William J. Baxley, Atty. Gen. and Jack A. Blumenfeld, Asst. Atty. Gen., for the State, appellee.
PER CURIAM.
Forgery; sentence: eight years imprisonment.
The appellant was convicted of forging a check in the amount of $45.00 dated January 19, 1975. That date was a Sunday. The evidence establishes that the check was likewise cashed on Sunday.
At the end of the State's case in chief, counsel for appellant moved to exclude the State's evidence on the ground that the State had not made out a prima facie case of forgery. Counsel argued that the State's evidence only established that the appellant presented the check, but failed to prove that he wrote or made the check. The court denied the motion, and the case went to the jury.

I
On appeal, the appellant is represented by different counsel than in the trial court. Appellant contends that a check dated on Sunday is void on its face and thus will not support an indictment.
*611 The identical question was before this Court in Gooch v. State, 33 Ala.App. 221, 31 So.2d 779 (1947). This Court was unable to decide the issue and certified the question to the Supreme Court of Alabama. The effect of the Supreme Court decision was that a check given on Sunday is void and cannot be made the subject of forgery. Gooch v. State, 249 Ala. 477, 31 So.2d 776 (1947). The Gooch decision is still binding. The essence of that decision is set out in pertinent part as follows:
"Therefore an indictment in charging forgery should show that the instrument (check) was one the forgery of which would be an offense under the law. And if the writing is such `"as to leave an apparent uncertainty in law whether it is valid or not, a simple charge of forging it fraudulently, etc., does not show an offense; but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid."....'. ...
Hence, a forged check, appearing on its face to have been given for one of the permitted transactions enumerated in the statute or to have been delivered on a weekday, would support an indictment for forgery, without averring extrinsic facts showing its legal efficacy.
On the other hand, if such facts do not appear on the face of such a Sundaydated instrument it would not support an indictment for forgery unless there are alleged circumstances extrinsic to the paper itself showing it is not void, such as that it was given for one of the permissive purposes enumerated in the statute or that while it bore date as of Sunday, as a matter of fact, it was forged or uttered on a secular day...." (Citations omitted.)
The check in the instant case shows on its face to have been executed on a Sunday. The State did not rebut that presumption, and in fact, the State's own evidence establishes that the check was cashed on a Sunday. Likewise, neither the indictment, nor the instrument set out therein, "alleged circumstances extrinsic to the paper itself showing it is not void."
This Court is bound by the Supreme Court's decision in Gooch, supra. Williams v. State, 37 Ala.App. 572, 72 So.2d 858 (1954); Griffin v. State, 47 Ala.App. 278, 253 So.2d 337 (1970).

II
Appellant's challenge to the validity of the instrument and thus to the indictment pursuant to Title 9, § 21, Code of Alabama 1940, is before us for the first time on appeal. Although appellant's trial counsel moved to exclude the State's evidence, the motion was not based upon the above Code section, but rather upon the State's failure to prove that the appellant wrote the check in question.
This Court is required by law to search each record on appeal for errors which are prejudicial to the appellant. Such review does not generally include questions which were not properly raised. Title 15, § 389, Code of Alabama 1940, and annotations thereto. In Brown v. State, 32 Ala.App. 246, 24 So.2d 450 (1946), this Court held that where an indictment fails to state any offense, such defect must be noticed despite the absence of an attack on it in the trial court. In Fendley v. State, 49 Ala.App. 393, 272 So.2d 600 (1973), this Court held:
"A count which does not state a criminal offense cannot sustain a conviction even though there is a failure to bring the matter to the attention of the trial judge and there is a further failure to bring the matter to the attention of the appellate court."
Judge Harris, writing for this Court, in Nelson v. State, 50 Ala.App. 285, 278 So.2d 734 (1973), recognized that there existed two lines of cases holding contrary to each *612 other on this point. In that opinion he stated:
"There is a line of cases holding that where an indictment fails to state any offense such defect must be noticed despite the absence of any attack on it in the court below....
"There is also another line of cases holding that where deficiency in an indictment was not challenged by demurrer or questioned by appropriate plea in the lower court the indictment will not be reviewed on appeal....
"At first blush it would seem that the law on this subject is in a sad state of flux. Be that as it may, these are rules of state practice and procedure. Otherwise stated, these are judge-made decisions. When rules of state practice and procedure conflict with the due process clause of the Fourteenth Amendment, they must yield to the commandments of that Amendment. In the words of the Supreme Court of the United States, `Conviction upon a charge not made would be sheer denial of due process.' DeJonge v. State of Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278." (Citations omitted.)
Had the instant indictment been merely voidable, and subject to demurrer, then the failure of the appellant to demur thereto in the trial court would have prevented our review of this question. Gaines v. State, 146 Ala. 16, 41 So. 865 (1906). However, pursuant to Gooch, supra, the instrument is void by statute and its forgery constitutes no offense, thus the indictment is void.
It is therefore ordered that the judgment below be reversed and judgment rendered discharging the defendant from further custody in this proceeding. Title 15, § 390, Code of Alabama 1940.
Reversed and rendered.
All the Judges concur, except DeCARLO, J., dissents.
DeCARLO, Judge (dissenting).
It is clear that the Sunday-dated check in question would have been the subject of forgery if it had been given for one of the permitted exceptions set out in T. 9, § 21, Code of Alabama, 1940, Recompiled 1958, or if it had been published on a secular day. See Aders v. State, 21 Ala.App. 41, 104 So. 882.
Just as much harm has been done by a forged instrument of a Sunday-date given on Sunday to the grocery store for goods as in the case where it is executed and delivered on Sunday for the payment of transmitting a telegram.
The purchaser of the Sunday-dated check had been defrauded to the same extent in the case where it was executed and delivered on Sunday, as in the case where it was executed and delivered on a weekday.
Something is inherently wrong with the logic which makes it no crime to forge a check in the former case, and makes it an offense in the latter.
The Gooch case, supra, is the paramount authority on this question, but I submit it is retrogressive because it places an unnecessary barrier in the path of criminal prosecutions.
It affords every potential forger utilizing Sunday-dated instruments a sanctuary against punishment.
I have recorded this dissent in an earnest hope that the Supreme Court of Alabama will re-examine Gooch, supra, and rectify this impediment in our law. Or, that the legislature of Alabama will see the necessity of re-writing the Sunday contracts statute, and remove this haven of refuge for forgers.