ON REHEARING
This court originally affirmed defendant's conviction of forgery in the third degree. We held that a traffic ticket is a written instrument with an apparent legal efficacy capable of supporting a conviction of forgery, and that there was sufficient evidence for the trial court to conclude that *Page 829 
appellant falsified his signature to conceal his true identity.
In his application for rehearing, appellant contends that the traffic citation in question was void on its face and therefore not capable of supporting a forgery conviction. We agree.
It is well settled that an instrument void on its face cannot be the subject of forgery. In the case of Aders v. State,21 Ala. App. 41, 104 So. 882 (1925), a check was executed on a Sunday, which made it void under § 6821, Code of Alabama 1923. There, the court said, "A writing, void on its face because of the want of legal requisites to its validity, is not the subject of an indictment for forgery. . . ." 104 So. at 883. Additionally, it is stated in 37 C.J.S. Forgery § 18 (b) that, "Unless otherwise provided by statute, forgery cannot be predicated on an instrument void on its face because . . . lacking a required signature . . . or because it has not been proved under oath as required for its validity."
In the instant case, the traffic ticket was not signed by the arresting officer. That omission renders the printed form invalid as an affidavit and arrest warrant. The requirements set forth in the document call for the undersigned to depose and say that he has probable cause to believe that the person named committed a certain offense.
Our original opinion held that a traffic ticket would support a forgery conviction because the ticket serves as an appearance bond once the defendant has signed it. Before the ticket can take on that legal characteristic, however, it must first be a valid summons to court. All law enforcement officers issuing a traffic ticket are required to complete and sign the ticket and serve a copy of the completed ticket upon the defendant. A.R.J.A. 19 (A)(5)(a). Courts are to accept for filing and disposition those tickets properly issued. A.R.J.A. 19 (A)(2).
For these reasons, the judgment of the lower court is due to be reversed.
ORIGINAL OPINION WITHDRAWN; APPLICATION FOR REHEARING GRANTED; REVERSED AND REMANDED.
All the Judges concur.