THE STATE v. BAUMON.

1. **Criminal Law**: FORGERY: WHAT CONSTITUTES. It is not necessary to constitute the crime of forgery that the instrument made or uttered should possess all the requisites of commercial paper. The signing of the name of another to an order requesting the payment to the bearer of a sum of money was held to be forgery, although neither the drawee nor payee was named therein.

*Appeal from Johnson District Court.*

TUESDAY, OCTOBER 21.

ON the 7th day of June, 1877, the following indictment was returned into court by the grand jury of Johnson county. The charging part of the bill is as follows:

"The grand jurors do aver, find and present that Frederick Baumon, at and within said county, on the 25th day of Feb-

ruary, 1877, with intent to defraud, did falsely make, forge and counterfeit a certain pretended order, it being an instrument in writing, purporting to be the act of one John T. Singleton, and by which a pecuniary obligation was and is purported to be created against the said John T. Singleton. The said false, forged and counterfeit instrument in writing is in words and figures following, to-wit:

'FEBRUARY, 25TH, 1877.

'*Dear Sir:*—Please let the bearer of this have five dollars on my charge.

'JOHN SINGLETON.'

"That the said false, forged and counterfeit order or instrument in writing aforesaid was by the said Frederick Baumon intended to be an order drawn upon one John Leydell, and the name John Singleton signed thereto was by him meant and intended to represent the name of John T. Singleton."

Said indictment contained another count charging the defendant with feloniously uttering said forged instrument.

The defendant filed a demurrer to said indictment which was in these words: "And now comes the said defendant and demurs to the indictment herein found, because the instrument set forth in the indictment does not purport to create any legal liability, and the forgery thereof or uttering the same does not constitute a crime under the laws of the State of Iowa." The demurrer was sustained, and the defendant discharged. The State appeals.

*J. F. McJunkin, Attorney General,* and *M. P. Smith,* District Attorney 8th Judicial District, for the State.

No appearance for appellee.

ROTHROCK, J.—The demurrer does not point out specifically the objections urged to the form of the instrument or order, and there is no argument for the appellee. It is said by counsel for the State that it was claimed that the instrument was incomplete on its face in two particulars. *First,* that the payee is not named in the instrument, and *Second,* that the

drawee is not named therein.   It seems to be well settled that
to constitute the crime of forgery, in falsely making or uttering
an order or instrument of this character, it is not necessary
that either the payee or drawee be named in the instrument.
*Evans v. The State*, 8 O. St., 197; *People v. Brigham*, 2 Gibbs
(Mich.), 550; *Chidester v. The State*, 25 O. St., 433; *People
v. Stearns*, 21 Wend., 409; *Noakes v. People*, 25 N. Y., 380.

It is not necessary that the order should possess all the
requisites of a bill of exchange.   The false making of any
instrument in writing, being or purporting to be the act of
another, by which any pecuniary demand or obligation is or
purports to be created, is forgery.   Code, section 3917.   That
the written instrument set forth in the indictment purports to
create a liability against the person whose name is written
thereto seems to us to be apparent.

REVERSED.