D. E. JOHNSON V. WILBUR F. SWAYZE.

[FILED JUNE 30, 1892.]

1. **Errors:** WAIVER.  The failure to except to the ruling of the trial court, to the admission or exclusion of testimony, is a waiver of the error.

2. **Pleading:** AMENDMENT DISCRETIONARY.  The refusing of permission to amend a pleading in an action pending in the district court rests largely in the legal discretion of the court, and unless there has been abuse of such discretion which has deprived the party of a substantial right, this court will not interfere.

ERROR to the district court for Douglas county.  Tried below before HOPEWELL, J.

*Brome, Andrews & Sheean,* for plaintiff in error.

*Balliet & Points, contra.*

NORVAL, J.

The defendant in error brought suit in the district court against plaintiff in error upon a promissory note, of which the following is a copy:

"NEVADA, IOWA, June 25, 1888.

"One year after date I promise to pay to the order of Wilbur F. Swayze, at First National Bank, Nevada, Iowa, twelve hundred dollars, value received, with interest at the rate of eight per cent per annum until paid.  If interest is not paid when due, the same shall bear interest at ten per cent; and if expense and costs are incurred by the holder in consequence of a failure to pay at maturity, the undersigned agrees to pay reasonable attorney's fees if suit is brought on this note.

"Due June 25, 1889.

"$1,200.                                D. E. JOHNSON."

The petition alleges that said note was executed and delivered by Johnson at Nevada, in the state of Iowa; that no part thereof has been paid except the sum of $78.22; that the laws of the state of Iowa, where said note was made and by its terms was payable, provides that attorneys' fees shall be allowed and taxed as costs on the amount found due at the rate of ten per cent on the first $200, five per cent on the next $300, three per cent on the next $500, and one per cent on all in excess of $1,000 so found due. It is further alleged that $52.40 is a reasonable attorney's fee in the case.

The answer is a general denial.

Upon the trial the court directed the jury to return a verdict for the plaintiff below for the face of the note and interest less the amount indorsed as above stated.

Two errors are assigned:

First—In admitting the note in evidence.

Second—In not granting the defendant time to prepare and file an amended answer.

The first objection urged must be overruled. The proper foundation for the introduction of the note was laid before it was offered in evidence by the testimony of the plaintiff, who testified to the defendant's signature and that the instrument was received by plaintiff at Nevada, Iowa. It is argued that while plaintiff declared upon a note executed in Iowa, the testimony received prior to the offer of the same in evidence shows that it was made at Omaha, in this state, therefore there was a fatal variance between the petition and proof. We are unable to find in the record any testimony to support this contention. Plaintiff was the only witness examined before the note was received in evidence, and if we have correctly read his testimony, it does not contain anything tending to show that the note was executed at a place different from that mentioned on its face. The instrument given in evidence corresponds in every respect with the copy set out in the petition. Be-

sides, it having been admitted without objection, error cannot be predicated thereon:

There was no abuse of discretion in the court refusing, after the commencement of the trial, to grant the defendant time in which to prepare and file an amended answer. He did not state to the court the facts he desired to set up in the proposed answer, but simply that the note was obtained by conspiracy and fraud. This was a mere conclusion, and was insufficient. No excuse was given for not pleading the facts constituting the fraud in the original answer. He must have known of the fraud at that time, if any existed, and he had ample time to plead all defenses before the trial, as the suit had then been pending for more than a year. He chose to rely upon a general denial, and yet upon the witness stand he admitted the execution and delivery of the note. True, he says he signed it at Omaha, but in our opinion it was quite immaterial where the note was made, for upon the trial the plaintiff did not seek to enforce it according to the laws of Iowa, but withdrew and waived his claim for attorney's fees.

The errors assigned are overruled and the judgment is

AFFIRMED.

THE other judges concur.