E. F. MOREARTY V. STATE OF NEBRASKA.

FILED JANUARY 9, 1896. No. 7864.

1. **Forgery:** INFORMATION. It is sufficient in an information for forgery to charge the intent to defraud in general terms. It is not necessary to state or prove an intent to defraud any particular person. *Roush v. State*, 34 Neb., 325, reaffirmed and followed.

2. ———— : ————. An order to deliver to bearer a specific article of personal property is within the definition of section 145 of our Criminal Code in relation to forgery, as " any order or any warrant or request for * * * the delivery of goods and chattels of any kind."

3. ———— : ————. The order or request upon which the charge in this case was founded, to let bearer have a designated article of personal property, *held* to be the subject of forgery, though not addressed to any person by name; and where such an order is set forth by copy in an information charging its forgery, and it is apparent from its face or its terms that there was a possibility, by its use, to deprive some person of property rights, the information is sufficient without averment of any facts extrinsic to the instrument to extend or explain its terms.

4. **Instructions.** The giving of an instruction which submits to the jury the existence or non-existence of a fact material to the issues in the case on trial, when no evidence has been introduced which would support a finding of its existence, is error for which the judgment may be reversed.

ERROR to the district court for Douglas county. Trie below before SCOTT, J.

The facts are stated in the opinion.

*John O. Yeiser*, *Martin Langdon*, and *Mahoney & Smyth*, for plaintiff in error:

The instrument set out in the information, being of doubtful or uncertain validity, cannot be the subject of forgery except by the allegation of extrinsic matter. (1

Bishop, Criminal Law [5th ed.], sec. 748; *Roode v. State,* 5 Neb., 174; *People v. Harrison,* 8 Barb. [N. Y.], 560; *Barnum v. State,* 15 O., 717; *People v. Galloway,* 17 Wend. [N. Y.], 540; *People v. Tomlinson,* 35 Cal., 503; *Rembert v. State,* 53 Ala., 467; *Dixon v. State,* 81 Ala., 61; *State v. Cook,* 52 Ind., 574; *State v. Wheeler,* 19 Minn., 98; *Shannon v. State,* 109 Ind., 407.)

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state:

In reply to the objections to the sufficiency of the information, reference was made to the following cases: *Roush v. State,* 34 Neb., 326; *State v. Hart,* 67 Ia., 142; *State v. Baumon,* 52 Ia., 68; *Peete v. State,* 2 Lea [Tenn.], 513; *Dixon v. State,* 26 S. W. Rep. [Tex.], 500; *State v. Gullette,* 26 S. W. Rep. [Mo.], 354; *People v. Krummer,* 4 Park. Crim. Rep. [N. Y.], 217; *Noakes v. People,* 25 N. Y., 380; *Rudicel v. State,* 13 N. E. Rep. [Ind.], 114; *Powers v. State,* 87 Ind., 97; *Arnold v. Cost,* 3 G. & J. [Md.], 231; *Rex v. Ward,* 2 Ld. Ray. [Eng.], 1461; *Crawford v. State,* 19 S. W. Rep. [Tex.], 766; *State v. Wheeler,* 25 Pac. Rep. [Ore.], 394; *People v. Brown,* 72 N. Y., 571; *Commonwealth v. Costello,* 120 Mass., 370; *Commonwealth v. Brown,* 18 N. E. Rep. [Mass.], 587; *Stewart v. State,* 16 N. E. Rep. [Ind.], 186; *Hendricks v. State,* 9 S. W. Rep. [Tex.], 555; *Brewer v. State,* 22 S. W. Rep. [Tex.], 41; *Billings v. State,* 107 Ind., 57.

HARRISON, J.

As a result of a trial during the May, 1895, term of the district court of Douglas county the plaintiff in error was convicted of the crime of forgery and was sentenced to be imprisoned for a term of one year in the penitentiary and to pay a fine of $100. To obtain a review of the proceedings therein the plaintiff in error brings the cause to this court on petition in error.

The information filed contained two counts, the first of which charged as follows:

" That on the 8th day of March, in the year of our Lord 1894, Edward F. Morearty, late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being in said county, then and there unlawfully and feloniously did forge and counterfeit a certain order and request for the delivery of goods, in words and figures following, to-wit:

"'March 8, 1894.

"'Please let bearer have the trunk I put in your house at 5:30 this P. M. The bill is all paid and everything O. K.                    Frank McKinzie, *Constable.*'
with intent to defraud."

The second count charged that the plaintiff uttered and published the order as true and genuine, with intent to defraud.

It is first argued that the information filed is insufficient and did not charge a crime; that there are two defects apparent upon its face, one of which is a failure to allege an intent to defraud "any person or persons, body politic or corporate, or any military body organized under the laws of this state," and the other that the instrument set out in the information by copy as forged was one on which no action could be predicated without an allegation of extraneous matter, and no such facts were pleaded. The first of these objections to the information is untenable. It is sufficient, in an information for forgery, to charge the intent to defraud in general terms. It is not necessary to state or prove an intent to defraud any particular person. (*Roush v. State*, 34 Neb., 325; Criminal Code, sec. 417.)

It is claimed, as we have before stated, that the information was defective for the reasons that the instrument alleged to have been forged, which was set out in the information in full as the basis of the charge of forgery, was so imperfect or incomplete in its terms that it was not on its

face apparently good and valid and that it was necessary, to a good information, that there should have been averments of matters extrinsic to the instrument, explanatory of or extending its signification and that no such matters were pleaded. In our statutes (see Criminal Code, sec. 145) there is stated, in a long and quite comprehensive list, a number of instruments which may be the subject of forgeries, and among them, "any order or any warrant or request for the payment of money, or the delivery of goods and chattels of any kind." The instrument declared upon in the information purported to be an order for the delivery of a trunk, and its false making, if sufficiently perfect in its terms, would be within the provisions of our Code relating to forgery. The only further question is, was it apparently sufficient within itself to effect the purpose for which it was made? The instrument in this case was one which upon its face called for the delivery to the bearer of a specific article, "the trunk I put in your house at 5:30 this P. M." "The bill is all paid and everything is O. K." The signature attached was "Frank McKinzie, Constable." While it is true it was not addressed to any person, yet it is apparent that it could be but for the one party with whom the trunk was left or in whose house it was placed at 5:30 P. M. of the day the instrument was dated, and it seems quite clear that the order, if genuine, would have been explicit and clear enough for presentment to such party and demand for the delivery of the trunk and to warrant him in honoring it. This being true, its making was forgery, and it was not necessary to plead any facts extrinsic to it in the information. If used, it was of a character to deprive some one of property rights. There was a possibility of some person being defrauded by its false making, and this was apparent from its face, and no averments of other and extrinsic matters were necessary in the complaint. Its meaning was sufficiently apparent or could be gathered from the face of the instrument alone, and it was not essential to a

full charge that there should be statements of evidential matters in the pleading. (*Dixon v. State*, 26 S. W. Rep. [Tex.], 500; *State v. Gullette*, 26 S. W. Rep. [Mo.], 354; *Noakes v. People*, 25 N. Y., 380; *Hendricks v. State*, 9 S. W. Rep. [Tex.], 555; *People v. Krummer*, 4 Park. Cr. Rep. [N. Y.], 217.) "But if the meaning of the transaction can be sufficiently extracted from the instrument itself, it will not be necessary to state matters of evidence, so as to make out more fully the charge." (1 Wharton, Criminal Law, sec. 740.)

It was assigned that the court erred in giving instruction numbered 5 to the jury. This instruction reads as follows: "You are further instructed that the intent of a person is necessarily an operation of the mind and is not ordinarily susceptible of direct proof, but may be determined by words spoken or acts done, or by both words and acts. Every human being of sufficient age to understand the nature and consequences of his acts is presumed to intend the natural and probable consequences of his acts; and if you find from the evidence beyond a reasonable doubt that the trunk in question was in the possession of one W. H. McKinzie as constable, that he had deposited said trunk for safe-keeping temporarily with one Robinson, and that defendant, for the purpose of obtaining possession of said trunk from said Robinson, did unlawfully and fraudulently make, forge, and counterfeit the said instrument set out in the first count of the information, and did present said instrument to said Robinson, and did obtain thereby said trunk, you would have a right to infer, in the absence of proof to the contrary, that the defendant did unlawfully and falsely make and counterfeit said instrument with intent to defraud; and, if the other facts necessary to a conviction and these facts have been established by the evidence beyond a reasonable doubt, the defendant would be guilty upon the first count of the information, and you should convict him on said first count of the information; and if the facts necessary

Morearty v. State.

to a conviction, as hereinbefore explained to you, upon the second count of the information, have been established by the evidence beyond a reasonable doubt, and you further find from the evidence, beyond a reasonable doubt, that defendant uttered or passed said instrument described in said second count of the information for the purpose of obtaining the trunk in question from said Robinson, you would be authorized in concluding that he uttered and published said instrument with the intent to defraud some person or persons,"—and the objection urged against it is that it submitted to the jury, in both its first and second paragraphs, whether the trunk was in possession of W. H. McKinzie as constable; that this was error, for the reason that there was no evidence introduced of the fact of such possession. After a careful examination of all the testimony given on the trial, we feel forced to the conclusion that this position is a correct one. The evidence does disclose that one W. H. McKinzie (or Washington McKinzie) was a constable in Douglas county and that he took possession of the trunk in question ; that he took it from Birdie Mann, on Ninth street, in the city of Omaha; that he had a writ of replevin at the time he took the trunk; that he left the trunk at the house or store of one Robinson, where Morearty found it when he sought or obtained it by means of the instrument set out in the information; but it nowhere appears, nor do we think it can be fairly inferred from what is shown, that McKinzie assumed possession of the trunk as constable, or by virtue of the writ of replevin, or that he held such possession as such officer or under such writ of replevin or any other writ or process, or that either his taking or holding possession of the trunk was referable in any manner or to any degree to his duties or position officially, or by virtue of any replevin or other writ and its service as an officer. The use of the alleged forged order, judging from the intent and possibility of its defrauding any one, which, in the manner of its pleading, must be derived

46

from the instrument itself, could but result injuriously, if at all, to prejudice the rights of McKinzie to the possession of the trunk as constable; and there being no right of possession, as such officer, shown in him, no evidence to support a finding of such fact, if made, it was error to submit the question to the jury, and prejudicial, as the intent of the crime charged in the information was to violate the rights of the officer. ( *Williams v. State*, 46 Neb., 704.)

There are some other assignments of error argued in the briefs, but we do not deem it necessary to enter into a discussion of them at the present time.

It follows from the views expressed herein that the judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.

NORVAL, J. I concur in the result, expressing no opinion upon the sufficiency of the information.