W. H. BURNET V. JOSEPH A. CAVANAGH ET AL.

FILED OCTOBER 5, 1898. No. 8289.

1. **Instructions:** EVIDENCE. An instruction given which submits to the jury a question of fact material to the issues on trial, of the existence of which there has not been evidence sufficient to warrant or support an inference, is error which may call for setting aside a verdict or reversing a judgment.

2. **Pleading:** UNDENIED ALLEGATIONS. All material allegations of new matter in the answer not denied in a reply must be taken as true. (Code of Civil Procedure, sec. 134.)

3. **Immaterial Evidence:** HARMLESS ERROR. Admission of immaterial evidence which, though erroneous, is not prejudicial to the rights of the complaining party, is not ground for the reversal of a judgment.

4. **Conflicting Evidence:** REVIEW. A finding on a point at issue as to which there is a conflict in the evidence will not be disturbed if there is sufficient favorable evidence to sustain it.

5. **Instructions:** EXCEPTIONS: REVIEW. An exception at the time to giving an instruction is essential to secure a review of error assigned of such action.

6. **Evidence:** ASSIGNMENTS OF ERROR. The admission of evidence will not be reviewed in an error proceeding to this court, if of the alleged error of the trial court in that regard there is no special assignment in the petition in error.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*Saunders & Macfarland* and *Macfarland & Altschuler,* for plaintiff in error.

*T. J. Mahoney* and *Cavanagh & Thomas, contra.*

HARRISON, C. J.

In this action, instituted in the district court of Douglas county, the plaintiff alleged an indebtedness of defendants to him in the sum of $5,000 as evidenced by a promissory note by them executed and delivered to him of a stated date, also accrued and unpaid interest on the principal sum as provided for in the note, for all of which he asked a judgment. Octave Bouscaren, of defendants, was not served with process. The other defendant, Joseph A. Cavanagh, in response to service of summons in the suit appeared and answered, and of the issues joined there was a trial which resulted in a verdict for the plaintiff. A motion for a new trial was presented for the defendant, and on hearing was sustained. The verdict was set aside and a new trial ordered. After an amended answer for defendant and the plaintiff's reply thereto were filed, a second trial occurred in which the defendant was successful, a verdict in his favor being returned by the jury, on which, after plaintiff's motion for a new trial was heard and overruled, judgment was rendered. The plaintiff, in an error proceeding to this court, presents the entire record, inclusive of the evidence introduced during the two trials, and asks by petition in error a review of the order of the district court by which a new trial was granted after verdict returned at the first hearing; also of certain alleged errors of the proceedings

during the second trial. The defendant in his answer admitted the execution and delivery of the note on which the plaintiff's action was predicated, but alleged that the plaintiff had, prior to the execution of the note in suit, agreed with Octave Bouscaren, the other party to the note, to loan to him a sum not to exceed $10,000, to be used in his business of money broker or lender in Omaha, and to be loaned to applicants therefor, the payment of such loans to be secured by mortgages of real or mortgages or pledge of personal property; that the matters between Bouscaren and plaintiff were to be managed for the latter by a designated party, resident in Omaha, who was styled in the written agreement 'which was entered into by plaintiff and such party, as "trustee" for the plaintiff; that the party trustee was to receive from Bouscaren, as evidence of the indebtedness of any sum loaned to him by plaintiff, a note signed by Bouscaren and also by "J. A. Cavanagh, of the city of Omaha, either as joint maker or guarantor of payment (not merely collection) at maturity," to receive payments of interest as they accrued in favor of plaintiff, and further to receive from Bouscaren mortgages, pledges, and evidences of loans made by the latter and hold, manage, and collect them as security for the payment of and application of proceeds on amounts due plaintiff from Bouscaren. The details of the proposed transactions, and which were afterward in part of actual occurrences and given existences, were embodied in a written article which was executed by the plaintiff and the trustee. The defendant further answered that, with full knowledge and in accord with the agreement between the plaintiff and trustee, he signed the note in suit with his co-signer Bouscaren, as the latter's surety, and that the plaintiff knew that it was in such capacity the defendant executed the note; that defendant so signed in full reliance that the conditions of the contract of plaintiff and the trustee relative to the mortgages and pledges, or the collateral securities, and of which a number were in fact placed in

the hands and care of the trustee, would be by him observed and such securities retained and controlled strictly in conformity to the terms of said contract, but that there was such a disposition by the trustee and plaintiff of the collateral securities as worked a discharge of the defendant from any liability on the note in suit. There was also a plea of usury. The reply contained an affirmative plea that Bouscaren and the defendant Cavanagh were partners in the loan business, and as such partners received the money for which, as evidence of the debt thereby created, the note sued upon was given; that Cavanagh signed the same as principal. The reply also contained denials of the allegations of the answer that Cavanagh had executed the note as surety, or that any of the collateral securities had been managed, or any disposition made of them, other than according to the wishes and instructions of Cavanagh. There were in the reply some further assertions and denials which we need not particularly notice.

We will first give attention to the portion of the argument which is devoted to the complaint of the action of the trial court on the motion to set aside the first verdict in the case. There is nothing in the journal entry or record which discloses the ground or grounds upon which the court based its order. All statements with regard to it are general. In the brief filed for plaintiff in error it is stated: "The court in instruction nine stated to the jury that if the jury should find that Cavanagh and Bouscaren were partners, the plaintiff is entitled to recover, and he took the position that the evidence did not disclose a partnership, but that this instruction might have misled the jury. While the jury might have found their verdict under the instructions upon other theories of the case, still, as the verdict might have been based upon this instruction, he would grant a new trial." We have adopted, as seems entirely allowable, this statement as an embodiment of the views of the matter which the trial court had when it sustained the motion for a

new trial, and an examination of all that transpired at
the first trial convinces us that the order of the court was
without error. There was no evidence which would have
warranted an inference by the jury that the defendants
were partners; hence the instruction was erroneous and
calculated to mislead, and that it had been given was
sufficient to call for setting aside the verdict. (*Morearty
v. State*, 46 Neb. 652; *Dunbier v. Day*, 12 Neb. 596; *Mc-
Cready v. Phillips*, 44 Neb. 796; *Williams v. State*, 46 Neb.
704; *Walrath v. State*, 8 Neb. 81; *City of York v. Spellman*,
19 Neb. 357; *Kay v. Noll*, 20 Neb. 380.) This disposes of
the sole point made in argument in regard to the decision
of the district court on the first motion for a new trial.

It is urged that the court erred during the second
trial in the admission in evidence of Exhibit 1, which was
the written contract between the plaintiff and the per-
son in Omaha who was therein styled "trustee." As we
view the record, the question of the character of the rul-
ing of the court on the objection to the admission of this
piece of evidence, whether erroneous or not, is imma-
terial, for, as we have indicated in the statement of the
cause, the existence of this article of agreement and its
contents were as facts pleaded in the answer as new
matter, and not denied in the reply. All such facts so
pleaded as were material were thus admitted to be true
(Code of Civil Procedure, sec. 134); and the admission
of the contract as evidence of such facts could not preju-
dice the rights of the plaintiff. Of such facts as were of
its recitals, and not material, its admission as evidence of
them was clearly not prejudicial, if erroneous; hence that
it was admitted does not call for a reversal of the judg-
ment. (*Graham v. Frazier*, 49 Neb. 90.)

It is contended for the plaintiff that the evidence
conclusively established the signature of the defendant
Cavanagh to have been made as a principal maker of
the note on which it appeared, and so signed pursuant
to specific agreement between the signer and the plain-
tiff. On the question of whether the defendant signed

the note as a principal or as a surety there was a conflict in the evidence, with sufficient to support a finding that it was as surety, and the evident determination of the jury to such effect will not be disturbed.

Error is asserted in argument, of the action of the trial court in giving in the charge to the jury an instruction numbered 6. The plaintiff did not except to the giving of this or, indeed, any of the instructions, and the alleged error will not be reviewed. To secure a review of alleged error in giving an instruction it is necessary to except at the time. (*Johnson v. Swayze*, 35 Neb. 117; *Lowe v. Vaughan*, 48 Neb. 651; *City of Omaha v. McGavock*, 47 Neb. 313; *Sigler v. McConnell*, 45 Neb. 598.)

It is argued that the court erred in the exclusion from the evidence of an exhibit numbered 9. This is without force for the reason that of the alleged error there was no specific assignment in the petition in error. Where such is the case a review cannot be obtained. (*Smith v. Mason*, 44 Neb. 610; *Redman v. Voss*, 46 Neb. 513; *Hedrich v. Strauss*, 42 Neb. 485.) We will say further, in this connection, that on page 153 of the record it is disclosed that this exhibit was received in evidence without objection and read to the jury.

No errors have been presented which call for a reversal of the judgment and it will be

AFFIRMED.