(92 South. 521)

## BURNETT v. STATE. (3 Div. 409.)

(Court of Appeals of Alabama. Jan. 31, 1922.)

**1. Forgery ⬦⟿29(1)—Extrinsic facts necessary to validity of incomplete instrument must be alleged.**

Where the writing which defendant was charged with having forged was incomplete in itself, but was such that it might be the subject of forgery under certain circumstances extrinsic thereto, the extrinsic facts and circumstances must be set out in the indictment charging the forgery to make it valid.

**2. Forgery ⬦⟿12(2)—Omission of dollar mark and name of drawee does not prevent forgery if facts are supplied extrinsically.**

An instrument purporting to be an order for payment may be the subject of forgery, notwithstanding the omission therefrom of the name of a drawee and of the dollar mark in connection with the figures stating the amount, if those facts can be shown by extrinsic evidence.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Jim Lee Burnett was convicted of forgery, and he appealed. Reversed and remanded.

Powell & Hamilton, of Greenville, for appellant.

The demurrers to the indictment should have been sustained, and the court should have directed a verdict for the defendant. 82 Ala. 44, 2 South. 463; 120 Ala. 360, 25 South. 236; 87 Ala. 36, 6 South. 271; 81 Ala. 61, 1 South. 69; 75 Ala. 1; 53 Ala. 467, 25 Am. Rep. 639; 1 Bay (S. C.) 205.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged that—

He, "with intent to injure or defraud, did alter or forge a certain instrument which was, in substance, as follows: '8—24 1920. Please pay Jim Lee Burnett for 8¼ at 2.75 per day. time in full. discharged R. L. Duncan,' or with intent to injure or defraud did utter and publish as true the said falsely uttered or forged instrument, knowing the same to be altered or forged."

The court overruled demurrers to the indictment, which demurrers questioned the sufficiency of the indictment, in that the instrument alleged to have been altered or forged was void on its face; that no extrinsic facts were averred showing that the instrument alleged to have been forged was the subject of forgery; that the instrument alleged to have been forged was not directed to or drawn on any one; that the instrument alleged to have been forged is not sufficiently intelligible as to show on its face any legal obligation; and that the instrument set out in the indictment is not the subject of forgery.

Section 6910 of the Code of 1907, omitting clauses and words not pertinent to this case, reads as follows:

"Any person who, with intent to injure or defraud, falsely makes, alters, forges * * * any instrument or writing, being or purporting to be the act of another, * * * is guilty of forgery in the second degree."

[1] It is clear that the writing, "8—24 1920. Please pay Jim Lee Burnett for 8¼ at 2.75 per day. time in full. discharged R. L. Duncan," may be the subject of forgery, under certain circumstances extrinsic to the paper itself, but we are equally clear that such extrinsic facts and circumstances are not set out in the indictment, as make it free from vice, and that on this account the demurrers should have been sustained. Burden v. State, 120 Ala. 388, 25 South. 190, 74 Am. St. Rep. 37; Rembert v. State, 53 Ala. 467, 25 Am. Rep. 639.

If a writing is so incomplete in form as to leave an apparent uncertainty in law, whether it is valid or not, a simple charge of forging it fraudulently, etc., does not show an offense; but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid. Dixon v. State, 81 Ala. 61, 1 South. 69; 2 Bishop, Cr. Law (7th Ed.) § 545; State v. Humphreys, 10 Humph. (Tenn.) 442.

"It is well established that an indictment which merely sets out a writing, on which the forgery charged is predicated, wanting in the legal requisites to its validity, or so imperfect or incomplete that it cannot be the foundation of a legal liability, and its real meaning and terms are not intelligible from the words and characters used, does not charge an offense. If the legal force of the writing, not being apparent on its face, arises from extrinsic facts, or, being incomplete or unintelligible, its meaning and capacity to effect a fraud are derived from extrinsic facts, such facts must be averred with certainty to make judicially apparent that the instrument is the subject of forgery." Fomby v. State, 87 Ala. 36, 6 South. 271.

[2] To be the subject of forgery it is not necessary that an instrument be perfect, and the fact that the name of the drawee or the dollar mark is omitted from the instrument in question does not invalidate it, if these facts can be shown by extrinsic evidence. Powers v. State, 87 Ind. 97; State v. Bauman, 52 Iowa, 68, 2 N. W. 956; State v. Curtis, 39 Minn. 357, 40 N. W. 263; Morearty v. State, 46 Neb. 652, 65 N. W. 784; Dixon v. State (Tex. App.) 26 S. W. 500; State v. Keeter, 80 N. C. 472; Wright v. State, 79 Ala. 262.

---

For the error in overruling the demurrers, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes